UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY BAILEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1206 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Randy Bailey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed July 30, 2009. (Doc. No. 1). The motion is fully briefed and ready for disposition.

By way of background, on September 25, 2003, Movant was charged in a single count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cause No. 4:03CR585 JCH, Doc. No. 1). On March 12, 2004, Movant plead guilty to the single charge contained in the indictment. (Id., Doc. Nos. 20, 22). The Presentence Investigation Report ("PSR") prepared by the United States Probation Office for the Eastern District of Missouri estimated that the Total Offense Level was 30. (Id., Doc. No. 29). This level included an enhancement pursuant to Section 4B1.4(b)(3)(B) of the Sentencing Guidelines, as Movant was considered an armed career offender. (Id.). The PSR further set Movant's criminal history category at V, and thus the Guideline Imprisonment Range was 151-188 months. Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), however, Movant faced a mandatory minimum sentence of fifteen years imprisonment. Movant did not object to the PSR, and on May 21, 2004, this Court sentenced him

to a term of imprisonment of 180 months. (Id., Doc. No. 27). Movant did not appeal his conviction or sentence.

In the instant motion Movant seeks to vacate his sentence, asserting this Court erred in concluding his prior conviction for second degree assault constituted a violent felony within the meaning of 18 U.S.C. § 924(e)(2), in light of the recent United States Supreme Court ruling in Chambers v. United States, 129 S.Ct. 687 (2009). (§ 2255 Motion, P. 4 and supporting memorandum).

## DISCUSSION

As noted above, Movant did not object to the application of 18 U.S.C. § 924(e)(1) in his PSR, nor did he pursue a direct appeal to the Eighth Circuit. Under Eighth Circuit law, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010) (internal quotations and citations omitted).[1] Upon consideration, the Court finds Movant fails to demonstrate cause for his failure to raise the claim on direct appeal. See Lindsey, 615 F.3d at 1000-01 (holding perceived futility alone cannot constitute cause). Moreover, under Eighth Circuit law, "the actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing." Id. at 1001 (citing Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc)). Movant here does not assert he is actually innocent of being a felon in possession of a firearm; rather, he maintains only that he did not previously commit three violent felonies, as required to support the enhancement. The actual innocence exception is unavailable to Movant under these

---

[1] This Court has the discretion to consider an issue of procedural default sua sponte. See Brown v. Dormire, 2007 WL 2434055 at *19 n. 7 (E.D. Mo. Aug. 22, 2007) (citing King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001)).

circumstances, and thus the sole claim for relief in his § 2255 motion is procedurally barred and must be denied. Id.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and his claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 4th day of November, 2010.

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE